# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
JUNE 2024 00748
E-Filing Number: 2406013521

| | |
|---|---|
| PLAINTIFF'S NAME<br>DEBORAH THOMPSON | DEFENDANT'S NAME<br>NATHAN TURNER |
| PLAINTIFF'S ADDRESS<br>109 VILLAGE WALK<br>EXTON PA 19341 | DEFENDANT'S ADDRESS<br>430 LANDIS LANE APARTMENT 32<br>MOUNT WASHINGTON KY 40047 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>UNITED PARCEL SERVICE, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O CORPORATION SERVICE COMPAN 2595 INTERSTATE DRIVE #103<br>HARRISBURG PA 17110 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PENSKE TRUCK LEASING CO., L.P. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O CORPORATION SERVICE COMPAN 2595 INTERSTATE DRIVE #103<br>HARRISBURG PA 17110 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
- ☐ $50,000.00 or less
- ☒ More than $50,000.00

COURT PROGRAMS
- ☐ Arbitration
- ☒ Jury
- ☐ Non-Jury
- ☐ Other:
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
JUN 07 2024
C. SMITH

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DEBORAH THOMPSON

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BASIL G. JOY | ADDRESS<br>GOLDBERG, GOLDBERG & MALONEY<br>213 WEST MINER STREET<br>WEST CHESTER PA 19382 |
| PHONE NUMBER<br>(610)436-6220 — FAX NUMBER<br>none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>317274 | E-MAIL ADDRESS<br>bjoy@goldbergmaloney.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*BASIL JOY* | DATE SUBMITTED<br>Friday, June 07, 2024, 07:49 am |

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

Filed and Attested by the
Office of Judicial Records
07 JUN 2024 07:49 am
C. SMITH

| | | |
|---|---|---|
| DEBORAH THOMPSON | : | CIVIL ACTION - LAW |
| v. | : | JUNE TERM 2024 |
| | : | NO. 00748 |
| NATHAN TURNER, UNITED PARCEL SERVICE, INC. and PENSKE TRUCK LEASING CO., L.P. | : | JURY TRIAL DEMANDED (CONSISTING OF 12 MEMBERS) |

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

***You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.***

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**1101 Market St., 11th Floor**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

***Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.***

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**1101 Market St., 11th Piso**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**

GOLDBERG, GOLDBERG & MALONEY
BY: Basil G. Joy, Esquire
Attorney I.D. No. 317274
213-215 West Miner Street
West Chester, PA 19382
(610) 436-6220

Attorney for Plaintiff

---

| | | |
|---|---|---|
| DEBORAH THOMPSON<br>109 Village Walk<br>Exton, PA 19341 | : | IN THE COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY, PENNSYLVANIA |
| v. | : | CIVIL ACTION – LAW |
| NATHAN TURNER<br>430 Landis Lane, Apartment 32<br>Mount Washington, KY 40047<br>and<br>UNITED PARCEL SERVICE, INC.<br>c/o Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110<br>and<br>PENSKE TRUCK LEASING CO., L.P.<br>c/o Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | : | JUNE TERM 2024<br><br>NO. 00748<br><br>JURY TRIAL DEMANDED<br>(CONSISTING OF 12 MEMBERS) |

**COMPLAINT**

1. Plaintiff, Deborah Thompson, is an adult individual residing in Chester County, Pennsylvania.

2. Defendant, Nathan Turner, is an adult individual residing in the Commonwealth of Kentucky.

3. Defendant, United Parcel Service, Inc., is an Ohio Corporation which regularly conducts business in Philadelphia County, Pennsylvania.

4. Defendant, Penske Truck Leasing Co., L.P., is a Delaware limited partnership which regularly conducts business in Philadelphia County, Pennsylvania.

5. On or about June 11, 2022, at approximately 10:41 p.m., plaintiff, Deborah Thompson, was operating her 2012 Cadillac in an easterly direction in the right hand lane of Interstate 76, just past the Pennsylvania Turnpike Toll Plaza, in Upper Merion Township, Montgomery County, Pennsylvania.

6. At the aforesaid time, date and place, defendant, Nathan Turner, was operating a 2020 Freightliner FTL owned by defendant, Penske Truck Leasing Co., L.P., in an easterly direction in the left hand lane of Interstate 76 in Upper Merion Township, Montgomery County, Pennsylvania.

7. At the aforesaid time, date and place, defendant, United Parcel Service, Inc., leased the 2020 Freightliner FTL from defendant, Penske Truck Leasing Co., L.P.

8. At all times relevant hereto, defendant, Nathan Turner, was acting as the agent, servant and/or employee of defendant, United Parcel Service, Inc., and was a permissive user of the 2020 Freightliner FTL.

9. As plaintiff, Deborah Thompson, was properly traveling in the center lane of eastbound Interstate 76, with the right-of-way, defendant, Nathan Turner, unexpectedly and without warning, carelessly and improperly crossed over the single white dashed line which divided the left and center eastbound lanes of Interstate 76, entered plaintiff's lane of travel, and crashed into the rear driver's side of plaintiff's vehicle.

10. The force of the initial collision caused plaintiff's vehicle to be swung around into the left lane of Interstate 76 in front of the defendants' 2020 Freightliner FTL, causing the truck to crash into plaintiff's vehicle for a second time, striking her directly on the driver's side.

11. Defendants' 2020 Freightliner FTL then pushed plaintiff's vehicle into the concrete median divider of Interstate 76 and continued to drag plaintiff's 2012 Cadillac for a distance before both vehicles came to rest.

12. The force of the impacts from these multiple collisions caused plaintiff, Deborah Thompson, to suffer serious personal injuries.

13. At the aforesaid time, date and place, defendants' vehicle entered plaintiff's lane of travel without proper clearance and directly in the path of plaintiff's vehicle, which left plaintiff, Deborah Thompson, without any ability to avoid these multiple collisions.

14. As a result of the negligence of the defendants, plaintiff, Deborah Thompson:

(a) suffered injuries, some of which are or may be permanent, to her head, neck, back, spine, chest, torso, left elbow, left shoulder, and various parts of her body;

(b) suffered contusions throughout her body;

(c) suffered severe and possible permanent shock to her nervous system;

(d) was unable to, and will in the future be unable to, attend to her daily occupation; and

(e) has required and will require hospitalization and/or medical care and treatment and has been required and will be required to incur substantial expenses for such care and treatment.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendants, Nathan Turner, United Parcel Service, Inc. and Penske Truck Leasing Co., L.P., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

COUNT I – NEGLIGENCE
Deborah Thompson v. Nathan Turner

15. The averments of Paragraphs 1 through 14 above are incorporated herein by reference as though fully set forth at length.

16. The aforesaid collision was caused by the negligent and careless acts and omissions of defendant, Nathan Turner, agent, servant and/or employee of defendant, United Parcel Service, Inc., and/or permissive user of the 2020 Freightliner FTL, in that he:

(a) failed to yield the right-of-way to traffic traveling in the center lane of eastbound Interstate 76;

(b) failed to maintain a proper lookout for traffic traveling in the center lane of eastbound Interstate 76;

(c) entered the center lane of eastbound Interstate when it was unsafe to do so;

(d) failed to keep his vehicle under control;

(e) failed to maintain assured safe distance ahead of him;

(f) failed to make proper observations;

(g) operated his vehicle carelessly;

(h) operated his vehicle while distracted;

(i) operated his vehicle at a speed too fast for conditions;

(j) may have been distracted due to his using a cell phone while operating his vehicle; and

(k) violated the provisions of the Pennsylvania Motor Vehicle Code including, but not limited to 75 Pa. C.S.A. § 3334 – Turning Movements and Required Signals, 75 Pa. C.S.A. § 3309(1); Driving on Roadways Laned for Traffic – Driving Within Single Lane, and 75 Pa. C.S.A. § 3714 – Careless Driving.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, Nathan Turner, in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

COUNT TWO – VICARIOUS LIABILITY
Deborah Thompson v. United Parcel Service, Inc.

17. The averments of Paragraphs 1 through 16 above are incorporated herein by reference as though fully set forth at length.

18. At all times relevant hereto, defendant, Nathan Turner, was acting as the agent, servant and/or employee of defendant, United Parcel Service, Inc., and was acting within the course and scope of his employment.

19. At all times relevant hereto, defendant, Nathan Turner, was a permissive user of the 2020 Freightliner FTL.

20. At no time relevant to this action, did defendant, Nathan Turner, commit, engage and/or partake in a "folic and detour" from his appointed and/or assigned route, destination and/or mission on behalf of his employer, defendant, United Parcel Service, Inc.

21. Defendant, United Parcel Service, Inc., is vicariously liable for all acts and omissions and violations of law for which its employee, defendant, Nathan Turner, is liable.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, United Parcel Service, Inc., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

COUNT THREE – NEGLIGENCE
Deborah Thompson v. United Parcel Service

22. The averments of Paragraphs 1 through 21 above are incorporated herein by reference as though fully set forth at length.

23. The individual, joint and/or several negligence and carelessness of defendant, United Parcel Service, Inc., directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

(a) failing to properly maintain, inspect, equip and repair the 2020 Freightliner FTL in a manner to permit safe operation when traveling upon highways and roadways;

(b) creating a hazardous condition about which it knew or should have known, specifically by failing to properly and adequately install and maintain the braking system on the 2020 Freightliner FTL;

(c) failing to install, utilize, and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, if and when the 2020 Freightliner FTL's brakes and/or braking system developed a problem;

(d) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL drifted from its lane of travel;

(e) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL's adjacent lane was obstructed;

(f) failing to properly train and/or supervise its truck drivers, including defendant, Nathan Turner, with respect to the proper and safe operation of such vehicles;

(g) failing to properly train, supervise, manage, direct and oversee its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors with respect to the proper and safe operation, maintenance, inspection and repair of its vehicles;

(h) hiring, employing or otherwise authorize operators including defendant, Nathan Turner, to operate the 2020 Freightliner FTL despite such operator's inexperience to carefully and safely do so;

(i) entrusting its 2020 Freightliner FTL to the care, custody and operation of defendant, Nathan Turner;

(j) violating Federal Motor Carrier Safety Administration (FMCSA) regulations including regulations pertaining to the maximum hours of consecutive driving; exceeding maximum weight carrier regulations; i.e., being "overweight" at the time of the crash; operating a tractor trailer with deficient or subpar brakes or braking support mechanisms; operating a tractor trailer mechanically unfit or unsafe to be operated on an interstate highway; log maintenance and recording.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, United Parcel Service, Inc., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

COUNT FOUR – NEGLIGENCE
Deborah Thompson v. Penske Leasing Co., L.P.

24. The averments of Paragraphs 1 through 23 above are incorporated herein by reference as though fully set forth at length.

25. The individual, joint and/or several negligence and carelessness of defendant, Penske Leasing Co., L.P., directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

(a) failing to properly maintain, inspect, equip, and repair its vehicles, including the 2020 Freightliner FTL leaded to defendant, United Parcel Service, Inc., in a manner to permit safe operation when traveling upon highways and roadways;

(b) creating a hazardous condition about which it knew or should have known, specifically by failing to properly and adequately install and maintain the braking system on the 2020 Freightliner FTL leased to defendant, United Parcel Services, Inc.;

(c) failing to install and utilize available technology to alert its truck operators, including defendant, Nathan Turner, if and when the tractor trailer's brakes and/or braking system developed a problem;

(d) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL drifted from its lane of travel;

(e) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL's adjacent lane was obstructed;

(f) failing to properly maintain the 2020 Freightliner FTL leased to defendant, United Parcel Services, Inc., to ensure it was roadworthy, mechanically safe, and structurally sound; and

(g) hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to inspect, repair, maintain, service and/or work on its vehicles who were not qualified to do so in a safe and adequate manner.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, Penske Leasing Co., L.P., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

GOLDBERG, GOLDBERG & MALONEY

Basil G. Joy

BASIL G. JOY, ESQUIRE
Attorney for Plaintiff

<u>VERIFICATION</u>

I, DEBORAH THOMPSON, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of Title 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DocuSigned by:

Deborah Thompson

DEBORAH THOMPSON

Filed and Attested by the
Office of Judicial Records
26 JUN 2024 07:25 am
S. GILLIAM

GOLDBERG, GOLDBERG & MALONEY
BY: Basil G. Joy, Esquire
Attorney I.D. No. 317274
213-215 West Miner Street
West Chester, PA 19382
(610) 436-6220

Attorney for Plaintiff

| | | |
|---|---|---|
| DEBORAH THOMPSON | : | IN THE COURT OF COMMON PLEAS |
| v. | : | PHILADELPHIA COUNTY, PENNSYLVANIA |
| NATHAN TURNER, UNITED PARCEL SERVICE, INC. and PENSKE TRUCK LEASING CO., L.P. | : | CIVIL ACTION – LAW |
| | : | JUNE TERM 2024 |
| | : | NO. 00748 |

**PROOF OF SERVICE**

I, Basil G. Joy, Esquire, hereby depose and say that a true and correct copy of Plaintiff's Complaint was served upon Corporation Service Company, the registered agent for Defendant, Penske Truck Leasing Co., L.P., via Certified Mail, Return Receipt Requested, on June 12, 2024. A copy of the signed return receipt card and USPS tracking confirmation are attached hereto.

GOLDBERG, GOLDBERG & MALONEY

Basil G. Joy
______________________________
BASIL G. JOY, ESQUIRE
Attorney for Plaintiff

DER: COMPLETE THIS SECTION

Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Corporation Service company
Registered Agent for Penske truck leasing
2595 interstate Drive #103
Harrisburg, PA 17110

9590 9402 7497 2098 4802 82

2. Article Number *(Transfer from service label)*
7015 0920 0001 9024 4808

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
6/12

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

# USPS Tracking®

FAQs >

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

**(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)**

**Remove X**

**Tracking Number:**

## 70150920000190244808

**Copy** **Add to Informed Delivery (https://informeddelivery.usps.com/)**

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 12:29 pm on June 12, 2024 in HARRISBURG, PA 17110.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

**Delivered, Front Desk/Reception/Mail Room**

HARRISBURG, PA 17110
June 12, 2024, 12:29 pm

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Feedback

**Text & Email Updates**

**USPS Tracking Plus®**

**Product Information**

**See Less**

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Case ID: 240600748

Contact USPS Tracking support for further assistance.

Filed and Attested by the
Office of Judicial Records
26 JUN 2024 07:26 am
S. GILLIAM

GOLDBERG, GOLDBERG & MALONEY
BY: Basil G. Joy, Esquire
Attorney I.D. No. 317274
213-215 West Miner Street
West Chester, PA 19382
(610) 436-6220

Attorney for Plaintiff

| | | |
|---|---|---|
| DEBORAH THOMPSON | : | IN THE COURT OF COMMON PLEAS |
| v. | : | PHILADELPHIA COUNTY, PENNSYLVANIA |
| NATHAN TURNER, UNITED PARCEL SERVICE, INC. and PENSKE TRUCK LEASING CO., L.P. | : | CIVIL ACTION – LAW |
| | : | JUNE TERM 2024 |
| | : | NO. 00748 |

**PROOF OF SERVICE**

I, Basil G. Joy, Esquire, hereby depose and say that a true and correct copy of Plaintiff's Complaint was served upon Corporation Service Company, the registered agent for Defendant, United Parcel Service, via Certified Mail, Return Receipt Requested, on June 13, 2024. A copy of the signed return receipt card and USPS tracking confirmation are attached hereto.

GOLDBERG, GOLDBERG & MALONEY

Basil G. Joy

BASIL G. JOY, ESQUIRE
Attorney for Plaintiff

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
Registered Agent for United Parcel Service
2595 Interstate Drive #103
Harrisburg, PA 17110

9590 9402 7497 2098 4802 99

2. Article Number (Transfer from service label)

7015 0920 0001 9024 4785

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
6/13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# USPS Tracking®

FAQs >

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

**(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)**

**Remove ✕**

**Tracking Number:**

## 70150920000190244785

**Copy** **Add to Informed Delivery (https://informeddelivery.usps.com/)**

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 12:31 pm on June 13, 2024 in HARRISBURG, PA 17110.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

**Delivered, Front Desk/Reception/Mail Room**

HARRISBURG, PA 17110
June 13, 2024, 12:31 pm

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Feedback

**Text & Email Updates**

**USPS Tracking Plus®**

**Product Information**

**See Less**

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Case ID: 240600748

Contact USPS Tracking support for further assistance.

Filed and Attested by the
Office of Judicial Records
02 JUL 2024 11:11 am
S. GILLIAM

| | | |
|---|---|---|
| DEBORAH THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN TURNER, UNITED PARCEL SERVICE, INC., and PENSKE TRUCK LEASING CO., L.P.,<br><br>Defendants. | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>PENNSYLVANIA<br><br>TRIAL DIVISION – CIVIL<br><br>JUNE TERM, 2024<br>NO. 00748 |

**ORDER**

**AND NOW**, this __________ day of ___________________, 2024, upon consideration of the Preliminary Objections of Defendant, Penske Truck Leasing Co., L.P., to Plaintiff's Complaint, and any and all responses thereto, it is hereby **ORDERED** that said Preliminary Objections are **SUSTAINED** and Plaintiff's Complaint against Penske Truck Leasing Co., L.P. is **DISMISSED WITH PREJUDICE.**

BY THE COURT:

________________________________
J.

**LOCK GORDON LAW GROUP, LLP**
By: John P. Lock, Esquire
Attorney ID No. 82885
11 E. King St., Suite B
Malvern, PA 19355
(215) 776-5075
jlock@lockgordon.com
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*

| | | |
|---|---|---|
| DEBORAH THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN TURNER, UNITED PARCEL SERVICE, INC., and PENSKE TRUCK LEASING CO., L.P.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br>TRIAL DIVISION – CIVIL<br><br>JUNE TERM, 2024<br>NO. 00748 |

**PRELIMINARY OBJECTIONS OF DEFENDANT, PENSKE TRUCK LEASING CO., L.P. TO PLAINTIFF'S COMPLAINT**

Defendant, Penske Truck Leasing Co., L.P. ("Penske"), by and through its undersigned counsel, and pursuant to Pa.R.C.P. 1028, hereby files its Preliminary Objections to Plaintiff's Complaint, and in support thereof states as follows:

1. On June 7, 2024, Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas averring a negligence cause of action against defendants pertaining to an automobile accident on or about June 11, 2022 in Upper Merion Township, Montgomery County, PA. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. Plaintiff alleges to have sustained injury in an automobile accident with Nathan Turner ("Turner"), an employee of United Parcel Service, Inc. ("UPS"), who was operating a 2020 Freightliner tractor-trailer. See, Exhibit "A" at paragraphs 6-8.

3. Plaintiff alleges that the Freightliner vehicle was owned by Penske, and leased by Penske to UPS. See, Exhibit "A" at paragraphs 6-7.

4. Plaintiff alleges that Turner "unexpectedly and without warning, carelessly and improperly crossed over the single white dashed line which divided the left and center eastbound lanes of Interstate 76, entered plaintiff's lane of travel, and crashed into the driver's side of plaintiff's vehicle". See Exhibit "A" at paragraph 9.

5. As it pertains to Penske, Plaintiff's Complaint contains improper, generalized, catch-all allegations of negligence, without setting forth a factual basis for any alleged liability of a mere owner/lessor of a vehicle, in violation of the pleading specificity requirement set forth in Pa.R.C.P. 1019(a).

6. As a result of the aforementioned pleading defects contained in Plaintiff's Complaint, Defendant is prejudiced in its ability to defend this matter and conduct the relevant discovery.

7. Accordingly, Defendant, Penske Truck Leasing Co., L.P., pursuant to Pa.R.C.P. 1028(a) files the instant Preliminary Objections.

**A. Paragraph 25 of Plaintiff's Complaint Must Be Stricken for Insufficiency of Pleading and Failure to Conform with a Rule of Court**

8. Moving Defendant hereby incorporates paragraphs 1 through 7 as if fully set forth herein.

9. Pennsylvania Rule of Civil Procedure 1028(a) provides that preliminary objections may be filed to any pleading for, *inter alia*, the:

> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;



Case ID: 240600748
Control No.: 24070692

(3) insufficient specificity in a pleading; Pa.R.C.P.1028(a)(2)-(3).

10. Paragraph 25 of Plaintiff's Complaint, containing the only averments of substance against Moving Defendant states:

> 25. The individual, joint and/or several negligence and carelessness of Defendant Penske Leasing Co., L.P., directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:
>
> a. failing to properly maintain, inspect, equip, and repair its vehicles, including the 2020 Freightliner FTL, leaded [sic] to defendant, United Parcel Service, Inc., in a manner to permit safe operation when traveling upon highways and roadways;
>
> b. creating a hazardous condition about which it knew or should have known, specifically by failing to properly and adequately install and maintain the braking system on the 2020 Freightliner FTL leased to defendant, United Parcel Service, Inc.;
>
> c. failing to install and utilize available technology to alert its truck operators, including defendant, Nathan Turner, if and when the tractor trailer's brakes and/or braking system developed a problem;
>
> d. failing to install, utilize, and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL drifted from its lane of travel;
>
> e. failing to install, utilize, and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL's adjacent lane was obstructed;
>
> f. failing to properly maintain the 2020 Freightliner FTL leased to defendant, United Parcel Services, Inc., to ensure it was roadworthy, mechanically safe, and structurally sound; and



Case ID: 240600748
Control No.: 24070692

> g. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to inspect, repair, maintain, service and/or work on its vehicles who were not qualified to do so in a safe and adequate manner.

See Exhibit "A" at paragraph 25.

11. These boilerplate allegation of negligence fail to give Moving Defendant the requisite notice of any specific theory of liability.

12. Rule 1019(a) of the Pennsylvania Rules of Civil Procedure requires that pleadings contain **specific factual allegations**. See Pa.R.C.P. 1019(a).

13. Generalized, or "notice" pleading, without underlying factual averments supporting same, will result in severe prejudice to Moving Defendant as it will improperly allow Plaintiff the opportunity to introduce new theories of negligence, or even gross negligence, even after the statute of limitations has expired. See Connor v. Alleghany Hospital, 501 Pa. 306, 461 A.2d 600 (1983).

14. Therefore, paragraph 25 should be stricken from Plaintiff's Complaint as it fails to give Defendant proper notice of Plaintiff's claims and violates the pleading requirements of the Pennsylvania Rules of Civil Procedure, and caselaw interpreting same.

**WHEREFORE**, Defendant, Penske Truck Leasing Co., L.P. respectfully requests that this Honorable Court sustain the instant Preliminary Objections and strike paragraph 25 of Plaintiff's Complaint, with prejudice, and for such further relief that this Honorable Court deems proper.

**LOCK GORDON LAW GROUP, LLC**

By: *_/s/ John P. Lock_*
John P. Lock, Esquire
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*



Case ID: 240600748
Control No.: 24070692

**LOCK GORDON LAW GROUP, LLP**
By: John P. Lock, Esquire
Attorney ID No. 82885
11 E. King St., Suite B
Malvern, PA 19355
(215) 776-5075
jlock@lockgordon.com
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*

| | |
|---|---|
| DEBORAH THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN TURNER, UNITED PARCEL SERVICE, INC., and PENSKE TRUCK LEASING CO., L.P.,<br><br>Defendants. | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>TRIAL DIVISION – CIVIL<br><br>JUNE TERM, 2024<br>NO. 00748 |

**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

**I. Matter Before the Court**

Defendant, Penske Truck Leasing Co., L.P. ("Penske") by and through its undersigned counsel, presents the instant Memorandum of Law in Support of its Preliminary Objections to Plaintiff's Amended Complaint.

**II. Statement of Questions Involved**

A. Whether paragraph 25 of Plaintiff's Complaint should be stricken where it fails to give Defendant notice of the factual allegations and/or theories of liability that form the basis of Plaintiff's alleged claim?

**Suggested Answer: YES.**

**III. Facts**

Moving Defendant incorporates by reference the averments of paragraphs 1 through 14 of its Preliminary Objections to Plaintiff's Complaint.

**IV. Legal Argument**

Pennsylvania Rule of Civil Procedure 1028(a) provides that preliminary objections may be filed to any pleading for, *inter alia*, the:

> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
>
> (3) insufficient specificity in a pleading; Pa.R.C.P.1028(a)(2)-(3).

Pennsylvania Rule of Civil Procedure 1019(a) provides that a Complaint shall state:

> The material facts on which a cause of action…is based…in a concise and summary form.

Pa.R.C.P. 1019(a).

Moreover, Pennsylvania is a "fact pleading state". Alpha Tau Omega Fraternity v. University of Pennsylvania, 464 A.2d 1349, 1352 (Pa. Super 1983). As such, a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the cause of action. Id.

Paragraph 25 of Plaintiff's Complaint, containing the only averments of substance of the Complaint against Moving Defendant states:

> 25. The individual, joint and/or several negligence and carelessness of Defendant Penske Leasing Co., L.P.,



Case ID: 240600748
Control No.: 24070692

directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

a. failing to properly maintain, inspect, equip, and repair its vehicles, including the 2020 Freightliner FTL, leaded [sic] to defendant, United Parcel Service, Inc., in a manner to permit safe operation when traveling upon highways and roadways;

b. creating a hazardous condition about which it knew or should have known, specifically by failing to properly and adequately install and maintain the braking system on the 2020 Freightliner FTL leased to defendant, United Parcel Service, Inc.;

c. failing to install and utilize available technology to alert its truck operators, including defendant, Nathan Turner, if and when the tractor trailer's brakes and/or braking system developed a problem;

d. failing to install, utilize, and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL drifted from its lane of travel;

e. failing to install, utilize, and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL's adjacent lane was obstructed;

f. failing to properly maintain the 2020 Freightliner FTL leased to defendant, United Parcel Services, Inc., to ensure it was roadworthy, mechanically safe, and structurally sound; and

g. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to inspect, repair, maintain, service and/or work on its vehicles who were not qualified to do so in a safe and adequate manner.

See Exhibit "A" at paragraph 25.



Case ID: 240600748
Control No.: 24070692

The above-quoted allegations contained in Plaintiff's Complaint fail to give notice to Defendant of any specific theory of liability asserted against it in violation of the pleading requirements of Pa.R.C.P. 1019(a). The Courts of this Commonwealth consistently have held that "the Pennsylvania system of fact pleading requires that the pleading must define the issues, and **every act or performance essential to that end must be set forth in the Complaint**". City of Philadelphia v. Kane, 438 A.2d. 1051, 1052 (Pa. Cmwlth 1982) (emphasis supplied). Moving defendant is entitled to **a pleading** which sets forth, with sufficient specificity, **how** it allegedly negligently failed to properly maintain the vehicle, **how** it allegedly negligently created a hazard, **how** it allegedly negligently failed to utilize technology, **how** employees were allegedly unqualified to service the vehicle, etc. Moreover, Moving Defendant is entitled to know how such alleged actions or omissions were a specific causal factor in the motor vehicle accident at issue. In short, if plaintiff has any true evidence that, for example, there was a vehicle failure causing the accident as implied, the particulars should be asserted such that Penske is on notice of the precise claim at issue and can defend itself as applicable. A mere laundry list of allegations unsupported by factual underpinnings amounts to notice pleading – contrary to the Rules of Civil Procedure.

In Connor v. Allegheny General Hospital, 461 A.2d 600 (Pa. 1983), the Pennsylvania Supreme Court specifically recognized the propriety of a Motion for More Specific Pleadings or a Motion to Strike in cases such as the one at bar. In Connor, the plaintiff filed suit against a hospital for professional negligence and included general allegations of negligence. Id. After the statute of limitations had run, plaintiff attempted to amend her complaint to allege a new theory of negligence. The Pennsylvania Supreme



Case ID: 240600748
Control No.: 24070692

Court held that the proposed amendment was not barred by the statute of limitations because the amendment had been covered by plaintiff's general allegations of negligence. The Court went on to state, that:

> If appellee did not know how it failed to use due care and caution under the circumstances, **it could have filed Preliminary Objections in the nature of a request for more specific pleadings or could have moved to strike the portion of appellant's complaint**...

Id. at 602 N. 3 (emphasis supplied).

In accord with the above, plaintiff's open-ended allegations of negligence contained in paragraph 25 are properly objectionable as they fail to give notice to Moving Defendant of any specific theory of liability asserted against it. Therefore, paragraph 25 should be stricken from Plaintiff's Complaint as such generalized, vague, boilerplate allegations violate the pleading requirements of Pa.R.C.P. 1019(a). As the objectionable paragraph is the only paragraph alleging the negligence of Penske, plaintiff's Complaint should be dismissed in its entirety with prejudice as to Penske.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Defendant, Penske Truck Leasing Co., L.P., respectfully requests that this Honorable Court sustain the instant Preliminary Objections to Plaintiff's Complaint and enter the Order as proposed.

**LOCK GORDON LAW GROUP, LLC**

By: *_/s/ John P. Lock_*
John P. Lock, Esquire
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*

Dated: July 2, 2024



Case ID: 240600748
Control No.: 24070692

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within Preliminary Objections together with supporting Memorandum of Law was served on the below-named counsel on the date listed below, via the Court's Electronic Filing System.

Basil G. Joy, Esquire
GOLDBERG, GOLDBERG & MALONEY
213-215 West Miner Street
West Chester, PA 19382
*Attorney for Plaintiff*

*/s/ John P. Lock*
John P. Lock, Esquire

Date: July 2, 2024

# ***VERIFICATION***

The averments or denials of facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

*/s/ John P. Lock*
JOHN P. LOCK, ESQUIRE

Date: July 2, 2024

# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
JUNE 2024 00748
E-Filing Number: 2406013521

| | |
|---|---|
| PLAINTIFF'S NAME<br>DEBORAH THOMPSON | DEFENDANT'S NAME<br>NATHAN TURNER |
| PLAINTIFF'S ADDRESS<br>109 VILLAGE WALK<br>EXTON PA 19341 | DEFENDANT'S ADDRESS<br>430 LANDIS LANE APARTMENT 32<br>MOUNT WASHINGTON KY 40047 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>UNITED PARCEL SERVICE, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O CORPORATION SERVICE COMPAN 2595 INTERSTATE DRIVE #103<br>HARRISBURG PA 17110 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PENSKE TRUCK LEASING CO., L.P. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>C/O CORPORATION SERVICE COMPAN 2595 INTERSTATE DRIVE #103<br>HARRISBURG PA 17110 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 3

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
JUN 07 2024
C. SMITH

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DEBORAH THOMPSON

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BASIL G. JOY | ADDRESS<br>GOLDBERG, GOLDBERG & MALONEY<br>213 WEST MINER STREET<br>WEST CHESTER PA 19382 |
| PHONE NUMBER<br>(610)436-6220<br>FAX NUMBER<br>none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>317274 | E-MAIL ADDRESS<br>bjoy@goldbergmaloney.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*BASIL JOY* | DATE SUBMITTED<br>Friday, June 07, 2024, 07:49 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 240600748
Control No.: 24070692

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
# COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
07 JUN 2024 07:49 am
C. SMITH

DEBORAH THOMPSON

v.

NATHAN TURNER, UNITED PARCEL SERVICE, INC. and PENSKE TRUCK LEASING CO., L.P.

CIVIL ACTION - LAW

JUNE TERM 2024

NO. 00748

JURY TRIAL DEMANDED
(CONSISTING OF 12 MEMBERS)

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

***You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.***

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**1101 Market St., 11th Floor**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

***Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.***

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**1101 Market St., 11th Piso**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**

GOLDBERG, GOLDBERG & MALONEY
BY: Basil G. Joy, Esquire
Attorney I.D. No. 317274
213-215 West Miner Street
West Chester, PA 19382
(610) 436-6220

Attorney for Plaintiff

| | | |
|---|---|---|
| DEBORAH THOMPSON<br>109 Village Walk<br>Exton, PA 19341<br><br>v.<br><br>NATHAN TURNER<br>430 Landis Lane, Apartment 32<br>Mount Washington, KY 40047<br>and<br>UNITED PARCEL SERVICE, INC.<br>c/o Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110<br>and<br>PENSKE TRUCK LEASING CO., L.P.<br>c/o Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | : | IN THE COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION – LAW<br><br>JUNE TERM 2024<br><br>NO. 00748<br><br>JURY TRIAL DEMANDED<br>(CONSISTING OF 12 MEMBERS) |

**COMPLAINT**

1. Plaintiff, Deborah Thompson, is an adult individual residing in Chester County, Pennsylvania.

2. Defendant, Nathan Turner, is an adult individual residing in the Commonwealth of Kentucky.

3. Defendant, United Parcel Service, Inc., is an Ohio Corporation which regularly conducts business in Philadelphia County, Pennsylvania.

4. Defendant, Penske Truck Leasing Co., L.P., is a Delaware limited partnership which regularly conducts business in Philadelphia County, Pennsylvania.

5. On or about June 11, 2022, at approximately 10:41 p.m., plaintiff, Deborah Thompson, was operating her 2012 Cadillac in an easterly direction in the right hand lane of Interstate 76, just past the Pennsylvania Turnpike Toll Plaza, in Upper Merion Township, Montgomery County, Pennsylvania.

6. At the aforesaid time, date and place, defendant, Nathan Turner, was operating a 2020 Freightliner FTL owned by defendant, Penske Truck Leasing Co., L.P., in an easterly direction in the left hand lane of Interstate 76 in Upper Merion Township, Montgomery County, Pennsylvania.

7. At the aforesaid time, date and place, defendant, United Parcel Service, Inc., leased the 2020 Freightliner FTL from defendant, Penske Truck Leasing Co., L.P.

8. At all times relevant hereto, defendant, Nathan Turner, was acting as the agent, servant and/or employee of defendant, United Parcel Service, Inc., and was a permissive user of the 2020 Freightliner FTL.

9. As plaintiff, Deborah Thompson, was properly traveling in the center lane of eastbound Interstate 76, with the right-of-way, defendant, Nathan Turner, unexpectedly and without warning, carelessly and improperly crossed over the single white dashed line which divided the left and center eastbound lanes of Interstate 76, entered plaintiff's lane of travel, and crashed into the rear driver's side of plaintiff's vehicle.

10. The force of the initial collision caused plaintiff's vehicle to be swung around into the left lane of Interstate 76 in front of the defendants' 2020 Freightliner FTL, causing the truck to crash into plaintiff's vehicle for a second time, striking her directly on the driver's side.

11. Defendants' 2020 Freightliner FTL then pushed plaintiff's vehicle into the concrete median divider of Interstate 76 and continued to drag plaintiff's 2012 Cadillac for a distance before both vehicles came to rest.

12. The force of the impacts from these multiple collisions caused plaintiff, Deborah Thompson, to suffer serious personal injuries.

13. At the aforesaid time, date and place, defendants' vehicle entered plaintiff's lane of travel without proper clearance and directly in the path of plaintiff's vehicle, which left plaintiff, Deborah Thompson, without any ability to avoid these multiple collisions.

14. As a result of the negligence of the defendants, plaintiff, Deborah Thompson:

(a) suffered injuries, some of which are or may be permanent, to her head, neck, back, spine, chest, torso, left elbow, left shoulder, and various parts of her body;

(b) suffered contusions throughout her body;

(c) suffered severe and possible permanent shock to her nervous system;

(d) was unable to, and will in the future be unable to, attend to her daily occupation; and

(e) has required and will require hospitalization and/or medical care and treatment and has been required and will be required to incur substantial expenses for such care and treatment.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendants, Nathan Turner, United Parcel Service, Inc. and Penske Truck Leasing Co., L.P., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

COUNT I – NEGLIGENCE
Deborah Thompson v. Nathan Turner

15. The averments of Paragraphs 1 through 14 above are incorporated herein by reference as though fully set forth at length.

16. The aforesaid collision was caused by the negligent and careless acts and omissions of defendant, Nathan Turner, agent, servant and/or employee of defendant, United Parcel Service, Inc., and/or permissive user of the 2020 Freightliner FTL, in that he:

(a) failed to yield the right-of-way to traffic traveling in the center lane of eastbound Interstate 76;

(b) failed to maintain a proper lookout for traffic traveling in the center lane of eastbound Interstate 76;

(c) entered the center lane of eastbound Interstate when it was unsafe to do so;

(d) failed to keep his vehicle under control;

(e) failed to maintain assured safe distance ahead of him;

(f) failed to make proper observations;

(g) operated his vehicle carelessly;

(h) operated his vehicle while distracted;

(i) operated his vehicle at a speed too fast for conditions;

(j) may have been distracted due to his using a cell phone while operating his vehicle; and

(k) violated the provisions of the Pennsylvania Motor Vehicle Code including, but not limited to 75 Pa. C.S.A. § 3334 – Turning Movements and Required Signals, 75 Pa. C.S.A. § 3309(1); Driving on Roadways Laned for Traffic – Driving Within Single Lane, and 75 Pa. C.S.A. § 3714 – Careless Driving.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, Nathan Turner, in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

## COUNT TWO – VICARIOUS LIABILITY
Deborah Thompson v. United Parcel Service, Inc.

17. The averments of Paragraphs 1 through 16 above are incorporated herein by reference as though fully set forth at length.

18. At all times relevant hereto, defendant, Nathan Turner, was acting as the agent, servant and/or employee of defendant, United Parcel Service, Inc., and was acting within the course and scope of his employment.

19. At all times relevant hereto, defendant, Nathan Turner, was a permissive user of the 2020 Freightliner FTL.

20. At no time relevant to this action, did defendant, Nathan Turner, commit, engage and/or partake in a "folic and detour" from his appointed and/or assigned route, destination and/or mission on behalf of his employer, defendant, United Parcel Service, Inc.

21. Defendant, United Parcel Service, Inc., is vicariously liable for all acts and omissions and violations of law for which its employee, defendant, Nathan Turner, is liable.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, United Parcel Service, Inc., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

COUNT THREE – NEGLIGENCE
Deborah Thompson v. United Parcel Service

22. The averments of Paragraphs 1 through 21 above are incorporated herein by reference as though fully set forth at length.

23. The individual, joint and/or several negligence and carelessness of defendant, United Parcel Service, Inc., directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

(a) failing to properly maintain, inspect, equip and repair the 2020 Freightliner FTL in a manner to permit safe operation when traveling upon highways and roadways;

(b) creating a hazardous condition about which it knew or should have known, specifically by failing to properly and adequately install and maintain the braking system on the 2020 Freightliner FTL;

(c) failing to install, utilize, and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, if and when the 2020 Freightliner FTL's brakes and/or braking system developed a problem;

(d) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL drifted from its lane of travel;

(e) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL's adjacent lane was obstructed;

(f) failing to properly train and/or supervise its truck drivers, including defendant, Nathan Turner, with respect to the proper and safe operation of such vehicles;

(g) failing to properly train, supervise, manage, direct and oversee its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors with respect to the proper and safe operation, maintenance, inspection and repair of its vehicles;

(h) hiring, employing or otherwise authorize operators including defendant, Nathan Turner, to operate the 2020 Freightliner FTL despite such operator's inexperience to carefully and safely do so;

(i) entrusting its 2020 Freightliner FTL to the care, custody and operation of defendant, Nathan Turner;

(j) violating Federal Motor Carrier Safety Administration (FMCSA) regulations including regulations pertaining to the maximum hours of consecutive driving; exceeding maximum weight carrier regulations; i.e., being "overweight" at the time of the crash; operating a tractor trailer with deficient or subpar brakes or braking support mechanisms; operating a tractor trailer mechanically unfit or unsafe to be operated on an interstate highway; log maintenance and recording.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, United Parcel Service, Inc., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

COUNT FOUR – NEGLIGENCE
Deborah Thompson v. Penske Leasing Co., L.P.

24. The averments of Paragraphs 1 through 23 above are incorporated herein by reference as though fully set forth at length.

25. The individual, joint and/or several negligence and carelessness of defendant, Penske Leasing Co., L.P., directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

(a) failing to properly maintain, inspect, equip, and repair its vehicles, including the 2020 Freightliner FTL leaded to defendant, United Parcel Service, Inc., in a manner to permit safe operation when traveling upon highways and roadways;

(b) creating a hazardous condition about which it knew or should have known, specifically by failing to properly and adequately install and maintain the braking system on the 2020 Freightliner FTL leased to defendant, United Parcel Services, Inc.;

(c) failing to install and utilize available technology to alert its truck operators, including defendant, Nathan Turner, if and when the tractor trailer's brakes and/or braking system developed a problem;

(d) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL drifted from its lane of travel;

(e) failing to install, utilize and/or maintain available technology to alert its truck operators, including defendant, Nathan Turner, when the 2020 Freightliner FTL's adjacent lane was obstructed;

(f) failing to properly maintain the 2020 Freightliner FTL leased to defendant, United Parcel Services, Inc., to ensure it was roadworthy, mechanically safe, and structurally sound; and

(g) hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to inspect, repair, maintain, service and/or work on its vehicles who were not qualified to do so in a safe and adequate manner.

WHEREFORE, plaintiff, Deborah Thompson, demands judgment against defendant, Penske Leasing Co., L.P., in an amount which exceeds the mandatory arbitration limit of the Court of Common Pleas of Philadelphia County, plus damages for delay and costs.

GOLDBERG, GOLDBERG & MALONEY

Basil G. Joy

BASIL G. JOY, ESQUIRE
Attorney for Plaintiff

VERIFICATION

I, DEBORAH THOMPSON, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of Title 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DocuSigned by:
Deborah Thompson
224E89FAB6E64CA...
DEBORAH THOMPSON

Filed and Attested by the
Office of Judicial Records
08 JUL 2024 10:08 am
S. GILLIAM

GOLDBERG, GOLDBERG & MALONEY
BY: Basil G. Joy, Esquire
Attorney I.D. No. 317274
213-215 West Miner Street
West Chester, PA 19382
(610) 436-6220

Attorney for Plaintiff

| | | |
|---|---|---|
| DEBORAH THOMPSON | : | IN THE COURT OF COMMON PLEAS |
| v. | : | PHILADELPHIA COUNTY, PENNSYLVANIA |
| NATHAN TURNER, UNITED PARCEL SERVICE, INC. and PENSKE TRUCK LEASING CO., L.P. | : | CIVIL ACTION – LAW |
| | : | JUNE TERM 2024 |
| | : | NO. 00748 |

**PROOF OF SERVICE**

I, Basil G. Joy, Esquire, hereby depose and say that a true and correct copy of Plaintiff's Complaint was served upon defendant, Nathan Turner, via Certified Mail, Return Receipt Requested, on June 22, 2024. Copies of the Certified Mail Receipt and USPS tracking confirmation are attached hereto.

GOLDBERG, GOLDBERG & MALONEY

*Basil G. Joy*

BASIL G. JOY, ESQUIRE
Attorney for Plaintiff

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

CHESTER POST OFFICE
JUN 10 2024
19380

7015 0920 0001 9024 4792

Sent To: Mr. Nathan Turner
Street & Apt. No., or PO Box No.: 430 Landis Lane; Apt. 32
City, State, ZIP+4: Mount Washington, KY 40047

PS Form 3800, July 2014 See Reverse for Instructions

# USPS Tracking®

FAQs >

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Remove** ✕

**Tracking Number:**

## 70150920000190244792

**Copy** **Add to Informed Delivery (https://informeddelivery.usps.com/)**

### Latest Update

Your item was picked up at the post office at 11:59 am on June 22, 2024 in MOUNT WASHINGTON, KY 40047.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

**Delivered, Individual Picked Up at Post Office**

MOUNT WASHINGTON, KY 40047
June 22, 2024, 11:59 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Feedback

**Text & Email Updates**

**USPS Tracking Plus®**

**Product Information**

**See Less**

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

Case ID: 240600748

**LOCK GORDON LAW GROUP, LLP**
By: John P. Lock, Esquire
Attorney ID No. 82885
11 E. King St., Suite B
Malvern, PA 19355
(215) 776-5075
jlock@lockgordon.com
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*

Filed and Attested by the
Office of Judicial Records
09 JUL 2024 10:01 am
A. MALONIS

| | | |
|---|---|---|
| DEBORAH THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN TURNER, UNITED PARCEL SERVICE, INC., and PENSKE TRUCK LEASING CO., L.P.,<br><br>Defendants. | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br>TRIAL DIVISION – CIVIL<br><br>JUNE TERM, 2024<br>NO. 00748 |

**STIPULATION**

It is hereby stipulated and agreed between the parties, by and through their undersigned Counsel, that Defendant Penske Truck Leasing Co., L.P. ("Dismissed Defendant") shall be **DISMISSED** from the above-captioned action without prejudice.

Respectfully submitted,

**GOLDBERG, GOLDBERG & MALONEY**

By: */s/ Basil G. Joy*
Basil G. Joy, Esquire
*Attorney for Plaintiff*

**LOCK GORDON LAW GROUP, LLC**

By: */s/ John P. Lock*
John P. Lock, Esquire
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*

FILED
09 JUL 2024 10:04 am
Civil Administration
A. MALONIS

**LOCK GORDON LAW GROUP, LLP**
By: John P. Lock, Esquire
Attorney ID No. 82885
11 E. King St., Suite B
Malvern, PA 19355
(215) 776-5075
jlock@lockgordon.com
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*

| | | |
|---|---|---|
| DEBORAH THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN TURNER, UNITED PARCEL SERVICE, INC., and PENSKE TRUCK LEASING CO., L.P.,<br><br>Defendants. | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>TRIAL DIVISION – CIVIL<br><br>JUNE TERM, 2024<br>NO. 00748 |

**PRAECIPE TO WITHDRAW PRELIMINARY OBJECTIONS**

TO THE OFFICE OF PROTHONOTARY:

Please mark the Preliminary Objections to Plaintiff's Complaint filed on July 2, 2024 by Defendant, Penske Truck Leasing Co., L.P., under Control Number 24070692 on the above-referenced docket, as **WITHDRAWN**.

**LOCK GORDON LAW GROUP, LLC**

By: */s/ John P. Lock*
John P. Lock, Esquire
*Attorney for Defendant, Penske Truck Leasing Co., L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within Praecipe to Withdraw Preliminary Objections was served on the below-named counsel on the date listed below, via the Court's Electronic Filing System.

Basil G. Joy, Esquire
GOLDBERG, GOLDBERG & MALONEY
213-215 West Miner Street
West Chester, PA 19382
*Attorney for Plaintiff*

*/s/ John P. Lock*
John P. Lock, Esquire

Date: July 9, 2024